UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Third Degree Films, Inc.<br>20525 Nordhoff Street, Suite 25<br>Chatsworth, CA 91311<br><br>   Plaintiff,<br><br>   v.<br><br>TK SATYAPAL<br>5314 Locust Ave<br>Bethesda, MD 20814<br><br>   Defendant. | Civil Action No. _____ |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Plaintiff Third Degree Films, Inc. ("Plaintiff") for its Complaint against Tk Satyapal (IP 68.55.218.180) ("Defendant"), alleges as set forth below.

**NATURE OF THE CLAIM, JURISDICTION AND VENUE**

1. This is an action for copyright infringement under the United States Copyright Act, 17 U.S.C. §§ 101 etc. This Court has jurisdiction under 17 US.C. §101 *et seq.,* 28 US.C. § 1331 (federal question), and 28 US.C. § 1338(a) (copyright).

2. Venue in this District is proper under 28 U.S.C. § 1400(a). On information and belief, Defendant may be found in this District and/or a substantial part of the alleged events occurred and/or have a significant effect within this District.

3. On information and belief, personal jurisdiction in this District is proper because Defendant, without consent or permission of Plaintiff as the exclusive rights owner, intentionally and willfully distributed, and offered to distribute over the Internet, a copyrighted work for which Plaintiff has exclusive rights. In addition, Defendant contracted with an Internet Service

1

Provider (ISP) found in this District for access to the Internet. Therefore, venue in this Court is proper in accordance with 28 U.S.C. § 1400(a).

## GENERAL ALLEGATIONS

4. Plaintiff Third Degree Films, Inc. is a corporation duly formed and existing under the laws of California, and has a principal place of business at 20525 Nordhoff Street, Suite 25, Chatsworth, CA 91311.

5. The Defendant was identified by his IP address 68.55.218.180. His IP address was observed being used for downloading the Motion Picture without permission. The time stamp of the alleged infringement is Sat, 20 Aug 2011 17:42:43 -0400.

6. The Motion Picture "Illegal Ass 2" (the "Motion Picture") was produced by Third Degree and released on December 5, 2006. The copyright was registered in March 2007. See information about the Motion Picture on Plaintiff's website www.thirddegreefilms.com and Copyright Registration. It is offered for sale as a DVD for $11.49 through various vendors, including www.cduniverse.com. The Motion Picture can also be purchased in other formats, such as view-on-demand.

7. The torrent protocol makes home computers with low bandwidth capable of participating in large data transfers across so-called "Peer-to-Peer" (P2P) networks. The first file-provider decides to share a file ("seed") with a torrent network. Then other users ("peers") within the network connect to the seed file for downloading. As additional peers request the same file, they become part of the same network. Unlike a traditional P2P network, each new peer receives a different piece of the data from each peer who has already downloaded the file. This system of multiple pieces of data coming from peers is called a "swarm." As a result, every downloader is

also an uploader of the illegally transferred file and is simultaneously taking copyrighted material through many ISPs in numerous jurisdictions around the country.

       8.      Once a participant in these downloading and uploading transactions becomes a peer, the software reassembles the file and the peer can view the Motion Picture. Once a peer has downloaded the complete file, that peer becomes an additional seed because he or she continues to distribute the torrent file (here: the copyrighted work).

       9.      While Defendant engaged in this downloading and/or uploading of the file, he exposed the IP address to the public. With torrent software, one can see the IP address of the various computers that one is connected to, and which are sharing files in cooperation with, one's own computer.

      10.     Through the use of torrent technology, the Defendant in this case engaged in deliberate distribution of unlawful copies of the Motion Picture.

## COUNT I

## COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. §§ 101 ET SEQ.

      11.     Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-10, above.

      12.     Plaintiff is a motion picture production company. Plaintiff is, and at all relevant times has been, the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the Motion Picture at issue.

      13.     The Motion Picture is an original work that is copyrighted under United States law. The Motion Picture is the subject of a Copyright Registration, and Plaintiff owns that registration. The title of the Motion Picture and its copyright registration number are included in **Exhibit C**. Thus, Plaintiff is entitled to statutory remedies of the U.S. Copyright Act.

14. Plaintiff has either published or licensed for publication all copies of the Motion Picture in compliance with the copyright laws.

15. Defendant has, without the permission or consent of the Plaintiff, reproduced and distributed to the public at least a substantial portion of the Motion Picture.

16. Further, Plaintiff is informed and believes that Defendant, without the permission or consent of Plaintiff, has used, and continues to use, an online media distribution system (sometimes referred to as a "peer to peer" network or a "P2P" network) to reproduce at least one copy of the Motion Picture, and to distribute to the public, including by making available for distribution to others, copies of the Motion Picture. In doing so, Defendant has violated, and continues to violate, Plaintiff's exclusive rights of reproduction and distribution protected under the Copyright Act of 1976 (17 U.S.C. § 101 et seq.), including under 17 U.S.C. § 106(1) and (3).

17. Each of Defendant's acts of infringement has been willful, intentional, and in disregard of and with indifference to the rights of Plaintiff. The technology used to identify each Defendant is explained in **Exhibit B.**

18. Plaintiff has suffered both money damages and irreparable harm as a result of each Defendant's infringement of Plaintiff's copyrights in the Motion Picture.

19. As a result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to monetary relief pursuant to 17 U.S.C. § 504, which may include Plaintiff's damages caused by each Defendant and each Defendant's profits and/or statutory damages, and to Plaintiff's attorney fees and costs pursuant to 17 U.S.C. § 505.

20. The conduct of the Defendant has caused, is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant

to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting the Defendant from further infringing Plaintiff's copyrights and ordering that the Defendant destroy all copies of the copyrighted motion pictures made in violation of the Plaintiffs' copyrights.

## COUNT II

## CONTRIBUTORY INFRINGEMENT

21. Plaintiff repeats and reincorporates herein the allegations set forth in paragraphs 1-20, above.

22. Plaintiff is, and at all relevant times has been, the owner of the copyrights and/or the owner of the exclusive rights under the copyrights in the United States in the Motion Picture at issue.

23. By participating in the file swapping with the others, the Defendant induced or caused or materially contributed to the infringing conduct of the others.

24. Defendant knew or should have known that other torrent users involved in the file swapping were infringing upon Plaintiff's copyrighted work. Each Defendant directly participated in the series of uploading and downloading of the exact same file and therefore materially contributed to each other Defendant's infringing activities.

25. Each of the Defendant's contributory infringements were committed willfully within the meaning of 17 U.S.C. § 504(c)(2).

26. As a result, Plaintiff has suffered damages that were proximately caused by the Defendant. Plaintiff has suffered both money damages and irreparable harm as a result of each Defendant's infringement of Plaintiff's copyrights in the Motion Picture. In addition, discovery may disclose that one or more of the Defendant obtained profits as a result of such infringement.

27. The conduct of the Defendant has caused, is causing and, unless enjoined and restrained by this Court will continue to cause, Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, the Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's copyrights and ordering that each Defendant destroy all copies of the copyrighted motion pictures made in violation of the Plaintiffs' copyrights.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that the Court enter judgment against the Defendant as follows:

A. For a judgment that the Defendant has infringed Plaintiff's copyright in the Motion Picture;

B. For entry of preliminary and permanent injunctions providing that the Defendant shall be enjoined from directly or indirectly infringing the Plaintiffs' rights in the Motion Picture, including without limitation by using the Internet to reproduce or copy the Motion Picture, to distribute the Motion Picture, or to make the Motion Picture available for distribution to anyone, except pursuant to a lawful license or with the express authority of Plaintiffs;

C. For entry of preliminary and permanent mandatory injunctions providing that the Defendant shall destroy all copies of the Motion Picture that Defendant has downloaded onto any computer hard drive or server without Plaintiff's authorization and shall destroy all copies of the Motion Picture transferred onto any physical medium or device in Defendant's possession, custody, or control;

D. For entry of judgment that the Defendant shall pay actual damages and profits, or statutory damages, pursuant to 17 U.S.C. § 504, at the election of Plaintiff;

E. For entry of judgment that the Defendant shall pay Plaintiff's costs;

F. For entry of judgment that the Defendant shall pay Plaintiff's reasonable attorney fees; and

G. For entry of judgment that Plaintiff have such other relief as justice may require and/or as otherwise deemed just and proper by this Court.

Respectfully submitted this 8th day of June, 2012.

FOR THE PLAINTIFF:

By:   /s/ Mike Meier
Mike Meier (MD Bar ID 16007)
The Copyright Law Group, PLLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Phone: (888) 407-6770
Fax: (703) 546-4990
Email: mike.meier.esq@copyrightdefenselawyer.com

ATTORNEY FOR PLAINTIFF